FRANCES E. HURLEY, PETITIONER FOR MANDAMUS,

*vs.*

REUEL ROBINSON AND EDWIN SPRAGUE.

SAME, Appellant from decree of Judge of Probate.

Knox.    Opinion April 27, 1893.

*Record. Decree. Mandamus. Adoption. R. S., c. 63, § 30; c. 67, § 34; c. 82, § 123.*

An application for the alteration of a record, which if granted would be futile will be denied.

The record of the Probate Court showed that the judge made two decrees substantially alike, granting leave to adopt a child; one, in the form of a letter of adoption addressed to the adopting parents, and the other attached to the petition in the form of a memorandum. Upon the application of a third party, another child of the adopters, asking to have the record altered

so that it would show the decree was made out of court at a place other than where the court sits, the judge of probate refused to order the record to be changed and the applicant appealed and later applied to this court below for a writ of mandamus, alleging, in the petition for the writ, that but one decree was signed by the judge of probate, and asking to have only one of the decrees amended. *Held*, to be a fatal defect in the application; for, if the prayer of the application should be granted, and the alteration asked for should be made, it would affect only one of the decrees; and the other, remaining intact, would be sufficient to sustain the legality of the adoption.

ON REPORT.

The first of these cases was a petition for *mandamus* and the other a probate appeal. Both arose from the same facts and were heard together.

The material facts will be found in the opinion. The petition for *mandamus* was filed against the Judge and Register of Probate for Knox county, and William H. Clark Pillsbury, who had been adopted March 19, 1889, prior to their decease, by his grandparents, Samuel and Sarah M. Pillsbury, late of Rockland, deceased, and also the other heirs of said Samuel and Sarah M. Pillsbury.

A principal contention of the petitioner was that the decree of adoption, otherwise regular, was granted out of court at Camden when and where there was no term of the court, instead of at Rockland, which was the place provided by law for its regular sessions; and that the record, originally showing the decree was made at Rockland, had been changed to show it was made at Camden, and again subsequently changed to the original place; and that the record, as the same now exists, is wholly unauthorized and void, and should be amended and corrected in accordance with the facts, &c.

The probate appeal was a petition to the probate judge, upon the same state of facts, who after the notice and hearing dismissed the petition. The adopted son introduced in evidence a second decree of adoption which will be found in the opinion of the court.

*N. and H. B. Cleaves*, and *Stephen C. Perry*, *William H. Fogler* and *J. F. Libby*, for petitioner.

Probate court has power to correct its own records. R. S., c. 63, § § 1, 14; *Bowers* v. *Hammond*, 139 Mass. 365; *Waters* v. *Stickney*, 12 Allen, 1; *Pierce* v. *Prescott*, 128 Mass. 140; Freem. Judg. § 73, and cases; *Newell* v. *West*, 149 Mass. 520, 531, and cases; *Balch* v. *Shaw*, 7 Cush. 282. Writ should be granted. R. S., c. 77, § § 3, 5; *Williams* v. *Co. Com.* 35 Maine, 346; *Dennett, Pet'r*, 32 Maine, 508; *Carpenter* v. *Co. Com.* 21 Pick. 258; *R. R. Com.* v. *R. R.* 63 Maine, 269, 279; *Baker* v. *Johnson*, 41 Maine, 15; 3 Black. Com. 110; *Smith* v. *Titcomb*, 31 Maine, 272; *Kendall* v. *U. S.* 12 Pet. 524; *Ex parte Hoyt*, 3 Pet. 279; *People* v. *Judges*, &c., 20 Wend. 658; *Ken. Toll-Bridge, Petr's*, 11 Maine, 263; Am. & Eng. Enc. L. Vol. 14, pp. 121, 127; *State* v. *Van Ells*, 69 Wis. 19; *State* v. *Engel*, 22 Am. St. Rep. 655, 656, 658, note; *Smith* v. *Moore*, 38 Conn. 105; *Anderson* v. *Pennie*, 32 Cal. 265; *Taylor* v. *Gillette*, 52 Conn. 216; *Hendee* v. *Cleveland*, 54 Vt. 143; *Rand* v. *Townsend*, 26 Vt. 670; *Woodstock* v. *Gallup*, 28 Vt. 537; *Hall* v. *Crossman*, 27 Vt. 297; *Moore* v. *Chester*, 45 Vt. 503; High Ex. Rem. § 230; *Lewis* v. *Ross*, 37 Maine, 230; *White* v. *Blake*, 74 Maine, 489; *Rockland Water Co.* v. *Pillsbury*, 60 Maine, 425. Parol evidence admissible. *Willard* v. *Whitney*, 49 Maine, 239; *State* v. *Hall*, 49 Maine, 412; *Spaulding* v. *Record*, 65 Maine, 220. Ministerial duty. *Manning* v. *Fifth Parish*, 6 Pick. 16; *Taylor* v. *Gillette*, 52 Conn. 216; *State* v. *Edwards*, 17 Atl. Report, p. 974 (N. J. 1889). Probate Court. *White* v. *Riggs*, 27 Maine, 114. No vested rights under a void decree. *Pettee* v. *Wilmarth*, 5 Allen, 144. If no remedy by mandamus it must be by appeal. R. S., c. 63, § § 22, 28; *Wiggin* v. *Scott*, 6 Met. 197; *Deering* v. *Adams*, 34 Maine, 41; *Veazie Bank* v. *Young*, 53 Maine, 558; *White* v. *Riggs*, 27 Maine, 114.

*Mortland and Johnson*, for defendants.

The record as set out in the petition shows a legal adoption. Parol evidence not admissible to contradict the record. 1 Greenl. Ev. 275; *Holden* v. *Barrows*, 39 Maine, 135; *Willard* v. *Whitney*, 49 Maine, 235; *Sayles* v. *Briggs*, 4 Met.; *Kendall* v. *Powers, Ib.* 553. Allegations in petition insuffi-

cient. Woerner, Vol. 1, p. 334. Mandamus does not supersede legal remedies, but supplies the want of them. High Ex. Rem. § 10. Relator not interested in the matter of adoption. R. S., c. 67, § 36; *Gray* v. *Gardner*, 81 Maine, 558; *Deering* v. *Adams*, 34 Maine, 41; *Levant* v. *Co. Com.* 67 Maine, 434; *Bath Bridge Co.* v. *Magoun*, 8 Maine, 292. Cannot have two remedies. High, Ex. Rem. § § 10, 16, 177, 188, 190. Shall come into court with clean hands. *Ib.* § 26. Must show an equity for intervention. *Belcher* v. *Treat*, 61 Maine, 577. Relator has no status in the probate appeal, cases *supra*. Records and vested rights: *Jackson* v. *Esten*, 83 Maine, 165; *Boynton* v. *Grant*, 52 Maine, 220. Counsel also cited: 1 Woerner, p. 331, and cases; *Bradbury* v. *Jefferds*, 15 Maine, 212; *Johnson* v. *Johnson*, 26 Ohio St. 357; *Alexander* v. *Nelson*, 42 Ala. 462; *Bryant* v. *Horn, Ib.* 496; *Wolf* v. *Banks*, 41 Ark. 104, 107; *State* v. *Probate Court*, 33 Minn. 94; *Browder* v. *Faulkner*, 82 Ala. 257; 1 Woerner, p. 331, Note 8, and cases; *Ib.* p. 328, and cases; Freem. Judg. § 69, and cases; *Makepeace* v. *Lukens*, 27 Ind. 435-7; *Wynne* v. *Thomas*, Willes R. 563; *Ray* v. *Lister*, And. 351; Bac. Abr. Tit. Amend. F. 98; *Abners* v. *Whitney*, 1 Sto. 310, 312; *Russell* v. *U. S.* 15 Ct. Cl. 168, 171; *Colby* v. *Moody*, 19 Maine, 111, 113; *White* v. *Blake*, 74 Maine, 489, 493; *Hall* v. *Williams*, 10 Maine, 290-1; *Limerick, Pet'r*, 18 Maine, 186-7; *Balch* v. *Shaw*, 7 Cush. 282; 1 Greenl. Ev. 275-280; *Com.* v. *Slocum*, 14 Gray, 395; *Harlow* v. *Harlow*, 65 Maine, 449; *Parcher* v. *Bussell*, 11 Cush. 107; *Potter* v. *Webb*, 2 Maine, 257; *Bean* v. *Ayers*, 70 Maine, 432; *Marsh* v. *McKenzie*, 99 Mass. 64; *Pettee* v. *Wilmarth*, 5 Allen, 144; *Hall* v. *Marsh*, 11 Allen, 563.

WALTON, J. The object of the proceedings now before us is to obtain an alteration of the records of the probate court for the county of Knox relating to the adoption of a child. The judge of probate refused to order the record to be changed, and the petitioner appealed. A little later she applied to this court for a writ of mandamus to compel the judge and register of pro-

bate to make the change. The object of the proposed alteration is to show that the proceedings of the probate court were irregular and the adoption of the child illegal. Both processes are combined in one report and will be considered together.

The record shows that the judge of probate made two decrees granting leave to the applicants to adopt the child. One is in the form of a letter of adoption, and is adressed to the adopting parents. The other is attached to the petition, and is in the form of a memorandum. But they are substantially alike, and grant the leave prayed for.

The petitioner ignores the existence of one of these decrees. She asserts in her petition for a mandamus that but one decree was signed by the judge of probate; and she asks to have only one of the decrees amended. We regard this as a fatal weakness in her proceedings. For, as we shall show presently, if the prayer of her petition should be granted, and the alteration asked for should be made, it would affect only one of the decrees, and the other, which would remain intact, would be amply sufficient to sustain the legality of the adoption. The alteration would therefore be entirely futile.

The only objection to the legality of the proceedings for the adoption of the child is that one of the decrees above mentioned was signed by the judge at Camden, on the first day of April, instead of at Rockland on the third Tuesday of March. The decree signed at Camden has been altered, and now reads as the petitioner desires to have it. And the prayer of her petition is that the judge and register of probate may be compelled to alter the record so as to make it correspond to the altered form of the decree. The petitioner claims, that if this change is made, the adoption will be shown to have been illegal, and the adopted child's right of inheritence defeated.

We do not think such would be the result. If the record of the decree signed at Camden should be altered, and the court should then hold that its validity was thereby destroyed, the remaining portion of the record would show that an application for leave to adopt the child had been made at a regular term of the probate court, and that it had been then and there acted upon,

and that a decree, under the hand of the judge and the seal of the court, had then and there been made, and that this decree had been duly recorded. With the decree signed at Camden eliminated, the record would stand as follows:

"To the honorable judge of probate for the county of Knox:

"Respectfully represents Samuel Pillsbury, of Rockland, in said county, and Sarah M. Pillsbury, his wife, that they are desirous of adopting William H. Clark, a child of Edward H. Clark, of Rockland, in the county of Knox, and Helen L. Clark, his wife, which said child was born in Rockland, on the tenth day of June, A. D., 1869; that your petitioners feel that they are of sufficient ability to bring up and educate said child properly.

"Wherefore they pray for leave to adopt said child pursuant to the statute in such case made and provided, and that his name may be changed to that of William H. Clark Pillsbury.

"Dated this nineteenth day of March, A. D., 1889.

Samuel Pillsbury.<br>Sarah M. Pillsbury.

"The undersigned, being the father of said child (the mother being dead), hereby consents to the adoption as above prayed for.                              Edward H. Clark.

"I, the child above named, being of the age of fourteen years, hereby consent to the adoption, as above prayed for.

William H. Clark."

"State of Maine.    Knox ss.    Probate Court.

"To Samuel Pillsbury of Rockland, in said county, and Sarah M. Pillsbury, wife of said Samuel Pillsbury.

"Whereas, you have petitioned this court for leave to adopt William H. Clark, a child born on the tenth day of June, A. D., 1869, and for a change of his name, and the written consent required by law has been given thereto; now therefore:

"Trusting in your ability to bring up said child, and to furnish him with suitable nurture and education, and being satisfied of the identity and relations of the persons, and the fitness and propriety of such adoption, I, Reuel Robinson, Esq., judge of said court, by virtue of the power and authority vested in

me, have decreed that from this day said child shall to all legal intents and purposes be your child, and that its name shall be changed to William H. Clark Pillsbury, which he shall hereafter bear, and which shall be his legal name.

"You, therefore, assume the relations of parents to said child, and will hereafter cherish, support, educate and otherwise provide for him as though you were his natural parents.

"In witness whereof, I have hereunto set my hand and caused the seal of said court to be affixed, at Rockland, this nineteenth day of March, in the year of our Lord one thousand eight hundred and eighty-nine.

(L. S.)        Reuel Robinson, Judge of Probate Court."

Such would be the record of the probate court if the decree which was signed at Camden should be expunged from it. It would still show a legal application of the adopting parents for leave to adopt the child; it would show the consent of the child and the consent of its only living parent; and it would show a solemn adjudication by the court that the child should thereafter be to all intents and purposes the child of the adopters; and it would show that this decree was made and signed and sealed at Rockland at a regular term of the probate court. In fact nothing would be wanting to show that the statutes of the State relating to the adoption of children had been fully complied with. The decree which was afterwards signed at Camden seems to have been wholly unnecessary. The proceedings for the adoption of the child appear to have been complete without it. And if the court should hold that the decree which was signed at Camden, *nunc pro tunc*, after the court had adjourned and the judge had gone to his home, was on that account inoperative and void, such a conclusion could not possibly impair the validity of the prior decree which appears to have been made at the proper time and place. We infer that the learned counsel for the petitioner did not know of the existence of this prior decree when these proceedings were commenced, as otherwise they would have advised their client that, if the decree signed at Camden should be held to be null and void, the decree which purports to have been signed at Rockland at

a regular term of the probate court would not be thereby invalidated.

Having come to the conclusion that the decree which was signed at Camden was wholly unnecessary, and that, if it should be expunged from the record, the validity of the proceedings for the adoption of the child would not be thereby affected, it is unnecessary to determine whether such a decree may be signed *nunc pro tunc* by a probate judge. We do not doubt that many decrees are so signed. And if the probate court has full jurisdiction of the subject matter of the decree, and a hearing has been had at the proper time and place, and an adjudication has then and there been made, we do not think the adjudication will be rendered null and void, because the judge for his own convenience, or the convenience of the register of probate, whose duty it is to prepare the decree, omits to sign it till after the court has adjourned, and then signs it, *nunc pro tunc*, at another time and place. We apprehend that such a doctrine, if enforced, would upset thousands of titles derived through the proceedings of probate courts, and render their records mere traps to catch the unwary. But upon this point we do not wish to be understood as expressing a decisive opinion, because we do not regard the question as necessarily before us. We regard the record of the probate court as complete without the decree which was signed *nunc pro tunc*, and that the latter was therefore of no importance. And it is the opinion of the court that for this reason the entries must be,

> *Decree of the judge of probate dismissing the petition asking for an amendment of the probate records confirmed, with costs to the respondent, William H. Clark Pillsbury. (R. S., c. 63, section 30.)*

> *Petition to this court for a writ of mandamus dismissed, with costs to the respondent, William H. Clark Pillsbury. (R. S., c. 82, section 123.)*

PETERS, C. J., LIBBEY, FOSTER and HASKELL, JJ., concurred.